IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY J. CAMPBELL,** | : | **CIVIL NO. 1:CV-02-2298** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

# M E M O R A N D U M

## I.        Background

Plaintiff, Jeffrey J. Campbell, an inmate formerly incarcerated at the State Correctional

Institution in Waymart ("SCI-Waymart"), Pennsylvania, commenced this <u>pro</u> <u>se</u> civil rights action with a

complaint filed pursuant to the provisions of 42 U.S.C. § 1983.  Campbell alleges that SCI-Waymart

Prison officials and healthcare personnel conspired to deprive him of  his rights under the Americans with

Disabilities Act, demonstrated deliberate indifference to his disability, and intentionally inflicted emotional

distress.  Campbell named sixteen (16) Defendants, including SCI-Waymart Medical Director Dr. Tamarat

Bekele (Bekele) and Regional Director of Healthcare Glenn Jeffes (Jeffes).  By an Order dated September

16, 2004 (Doc. 29), this Court granted the motion to dismiss Bekele and Jeffes as Defendants in the case.

This matter comes before the Court on the motion of the remaining fourteen (14) Defendants to dismiss

(Doc. 37) Plaintiff's complaint or, in the alternative, for summary judgment.  A brief in support of the

motion was timely submitted, Plaintiff has filed two documents in opposition (Docs. 40 and 46), and the

motion is ripe for disposition.  Also pending is Plaintiff's motion for oral argument (Doc. 30), Plaintiff's

motion for entry of default (Doc. 43), and Plaintiff's motion to cancel last motion for default.  For the

reasons set forth below, Defendants' motion to dismiss will be denied, Defendants' motion for summary

judgment will be held in abeyance pending submission of supplemental documentation, and Plaintiff's motions will be deemed withdrawn and therefore denied.

## II.        Discussion

### A.        Plaintiff's Miscellaneous Motions

Plaintiff has filed a motion for oral argument (Doc. 30) on a previous motion for default, as well as a second motion for entry of default (Doc. 43) and a motion to cancel his last motion for entry of default (Doc. 47).  More than ten (10) days have elapsed since these motions have been filed, and no supporting briefs have been submitted.  In this Court's Standing Practice Order (Doc. 3), the Court makes a specific reference to M.D.Pa.L.R. 7.5, and the text of that Rule is attached.  Under LR 7.5, "[w]ithin ten (10) days after the filing of any motion filed prior to trial, the party filing the same shall file an original and two (2) copies of a brief with the clerk and shall serve copies thereof on all parties . . . Unless otherwise ordered by the court, if supporting legal briefs are not filed within the time provided in this rule such motion shall be deemed withdrawn."  Consequently, the motions are deemed withdrawn and will therefore be denied.

### B.        Motion to Dismiss Standard

In rendering a decision on a motion to dismiss, the Court must accept the Plaintiff's allegations as true.  White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990). A motion to dismiss may only be granted if there is no reasonable reading of the facts that would entitle Plaintiff to relief.  Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir. 2004).  A complaint that does not establish entitlement to relief under any reasonable interpretation is properly dismissed without leave to amend.  Grayson v. Mayview State Hospital, 293 F.3d 103, 106 (3d Cir. 2002).  It is also well-settled that pro se complaints should be

liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  Defendants' motion goes beyond a simple motion to dismiss, because it is accompanied by evidentiary materials outside the pleadings. Accordingly, since the supplemental materials will be considered by the Court, Defendants' motion to dismiss will be denied.

### C.    <u>Summary Judgment Standard</u>

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  <u>Mraz v. County of Lehigh</u>, 862 F. Supp. 1344 (E.D. Pa. 1994).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Id.</u>  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  <u>Id.</u> at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings.  Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial.  Fed. R.

Civ. P. 56(e).  When addressing a summary judgment motion, our inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  Anderson, 477 U.S. at 251-52 (emphasis added).

### D.  Exhaustion Requirement

Defendants' summary judgment motion is based upon a contention that Plaintiff has failed to exhaust his administrative remedies on his claims of mistreatment set forth in the complaint.  With respect to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

"This provision makes no distinction between an action for damages, injunctive relief, or both.  The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action."  Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000).  Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law.  Fortes v. Harding, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

Nevertheless, "[f]ailure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant."  Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing Ray v. Kertes, 285 F.2d 287, 295 (3d Cir. 2002)).  A prisoner has no duty to plead exhaustion in the complaint, and it is the Defendants' issue to support with credible evidence.  Ray, 285 F.3d at 297.

The Pennsylvania Department of Corrections has established a Consolidated Inmate Grievance Review System, policy number DC-ADM 804, which became effective January 1, 2001.  With certain

4

exceptions not applicable here, DC-ADM 804, Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility Manager; and a final written appeal is presented to the Secretary's Office of Inmate Grievances and Appeals.  (Doc. 39, Ex. 1, § VI. B-D.)

In support of their motion, Defendants have submitted a declaration by SCI-Waymart Grievance Coordinator Ronald Richards.  Defendants aver that a review of Department of Corrections' records establishes that Plaintiff "filed no grievances during his confinement at SCI-Waymart" (Doc. 39 at 5.), and they cite ¶ 8 of the Richards Declaration in support of the contention.  (Id.)  However, in the electronic filing of the declaration, page two of the document (apparently containing ¶ 8 of the declaration) appears to have been lost in transmission, and it does not appear in the record as part of Doc. 39.

In response to the present motion, Plaintiff appears to argue that he did exhaust administrative remedies, alleging that he "did use all resources at his disposal to remedy this entire case before it was even filed in this Honorable Court."  (Doc. 40 at 1.)  Plaintiff claims that he has "copies of everything . . . including the responses to everything that was filed[, and upon] request . . . these documents shall be made available."  (Id.)

In light of the absence of documentation to support either party's contentions related to exhaustion of administrative remedies, the Court is unable to decide the pending motion.  Consequently, the Court will defer a decision on the pending motion for summary judgment, and the parties will be granted an enlargement to submit relevant documentation on the issue of exhaustion of administrative remedies.

**III.**     **Order.**

AND NOW, THEREFORE, THIS 15th DAY OF SEPTEMBER, 2005, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1.     Defendants' motion to dismiss is **DENIED**, and Defendants' motion for summary judgment (Doc. 37) will be held in abeyance pending submission of further documentation by the parties.

2.     Within ten (10) days of the date of this Order, Defendants shall submit documentation in support of their contention that Plaintiff has failed to exhaust administrative remedies available for the issues raised in the instant action.

3.     Within ten (10) days of the date of this Order, Plaintiff shall submit documentation in support of his contention that he has exhausted all administrative remedies available for the issues raised in the instant action.

4.     Within five (5) days from the submission of any supplemental documentation pursuant to this Order, the parties may respond to the supplemental documents submitted by the adverse party relating to the issue of exhaustion of administrative remedies.

5.     Plaintiff's motion for oral argument (Doc. 30), his motion for entry of default (Doc. 43), and his motion to withdraw last motion for default (Doc. 47) are deemed withdrawn for failure to file a brief in support of said motions as required by M.D.Pa.L.R. 7.5, and the motions are therefore **DENIED**.

_S/ Yvette Kane_
YVETTE KANE
United States District Judge
