IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JEFFREY J. CAMPBELL,** | : | **CIVIL NO. 1:CV-02-2298** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | |
| **JEFFREY A. BEARD, et al.,** | : | |
| **Defendants.** | : | |

## M E M O R A N D U M

### I.	Background

Plaintiff, Jeffrey J. Campbell, an inmate formerly incarcerated at the State Correctional Institution in Waymart ("SCI-Waymart"), Pennsylvania, commenced this pro se civil rights action with a complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Campbell alleges that SCI-Waymart Prison officials and healthcare personnel conspired to deprive him of his rights under the Americans with Disabilities Act, demonstrated deliberate indifference to his disability, and intentionally inflicted emotional distress. By Order dated September 16, 2004 (Doc. 29), this Court granted the motion to dismiss two (2) of the sixteen (16) Defendants. Subsequently, the remaining fourteen (14) Defendants collectively filed a motion to dismiss (Doc. 37) Plaintiff's complaint or, in the alternative, for summary judgment. By Order dated September 15, 2005 (Doc. 48), the Court denied Defendants' motion to dismiss, and Defendants' motion for summary judgment was held in abeyance pending submission of supplemental documentation from the parties related to the issue of Plaintiff's exhaustion of his administrative remedies. The parties have now submitted the supplemental documentation, and Defendants' motion for summary judgment is ripe for disposition. For the following reasons, the motion will be granted.

### II.	Discussion

**A.     Summary Judgment Standard**

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, the Court's inquiry focuses on "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 251-52 (emphasis added).

**B.     Exhaustion Requirement**

Defendants' contend that Plaintiff has failed to exhaust his administrative remedies on his claims of mistreatment set forth in the complaint. With respect to the exhaustion of administrative remedies, 42 U.S.C. § 1997e(a) provides as follows:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." Nyhuis v. Reno, 204 F.3d 65, 67 (3d Cir. 2000). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. Fortes v. Harding, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

Nevertheless, "[f]ailure to exhaust administrative remedies is an affirmative defense that must be pled and proven by the defendant." Brown v. Croak, 312 F.3d 109, 111 (3d Cir. 2002) (citing Ray v. Kertes, 285 F.2d 287, 295 (3d Cir. 2002)). A prisoner has no duty to plead exhaustion in the complaint, and it is the Defendants' issue to support with credible evidence. Ray, 285 F.3d at 297.

The Pennsylvania Department of Corrections has established a Consolidated Inmate Grievance Review System, policy number DC-ADM 804. With certain exceptions not applicable here, DC-ADM 804 (Doc. 52-3 at 7-19), Section VI ("Procedures") provides that, after attempted informal resolution of the problem, a written grievance may be submitted to the Grievance Coordinator; an appeal from the Coordinator's decision may be made in writing to the Facility

3

Manager; and a final written appeal is presented to the Secretary's Office of Inmate Grievances and Appeals. ("SOIGA"). (Id.) Such appeals shall include photocopies of the initial grievance, initial review, initial review response, and the appeal to the facility manager along with the facility manager's decision. (Id., § VI(D)(1)(h)).

In support of their motion, Defendants have submitted a declaration by SCI-Waymart Grievance Coordinator Ronald Richards. Defendants aver that a review of Department of Corrections' records establishes that Plaintiff "filed no grievances during his confinement at SCI-Waymart" and they cite ¶ 8 of the Richards Declaration in support of the contention. (Doc. No. 39 at 5.) However, in the electronic filing of the declaration, page two of the document (apparently containing ¶ 8 of the declaration) appears to have been lost in transmission, and it does not appear in the record as part of Doc. 39.

In response to the present motion, Plaintiff appears to argue that he did exhaust administrative remedies, alleging that he "did use all resources at his disposal to remedy this entire case before it was even filed in this Honorable Court." (Doc. 40 at 1.) Plaintiff claims that he has "copies of everything . . . including the responses to everything that was filed[, and upon] request . . . these documents shall be made available." (Id.) However, Plaintiff failed to attach the documentation to defeat summary judgment.

In light of the absence of documentation to support either party's contentions related to exhaustion of administrative remedies, the Court granted the parties leave to supplement the record with relevant documentation on the issue of exhaustion of administrative remedies, and the parties were granted leave to file a response to the adverse party's supplemental filing. To supplement the record, Plaintiff filed substantial documentation verifying his repeated complaints of mistreatment at

4

the prison. Supplemental documentation was also filed by Defendants, which incorporates the sworn declaration of SOIGA grievance review coordinator Tracy Pollock (Doc. 52-3 at 2-5.) Pollock avers that a review of Department of Corrections' records establishes that Plaintiff has failed to exhaust administrative remedies related to the claims alleged in the instant action. (Id. at 3-4.)

In response, Plaintiff again argues that he "did use all resources at his disposal to remedy this entire case before it was even filed in this Honorable Court." (Doc. 44 at 1.) Plaintiff is mistaken. It is undisputed that Plaintiff filed grievance number 23767 on August 24, 2002, complaining of unfair treatment by prison officials. Moreover, Plaintiff's supplemental exhibits include copies of documents related to grievance number 23767. (Doc. 51-9). Plaintiff incorporates a copy of correspondence dated September 16, 2002, from Tshanna Kyler of SOIGA notifying Plaintiff that his SOIGA appeal of grievance number 23767 failed to include copies of the initial response to his grievance, his appeal to the Superintendent, and the Superintendent's response. (Doc. 51-9 at 5). The correspondence permitted a supplemental filing, complying with the requirements of DC-ADM 804, and it specifically advised Plaintiff that his appeal would not be reviewed without the required attachments. Thereafter, Plaintiff filed an amended document, attaching the initial response to his grievance, but again failing to include copies of the appeal to the Superintendent or the Superintendent's response. Accordingly, Plaintiff's appeal of grievance number 23767 to SOIGA was dismissed. (Doc. 51-9 at 8.) The DOC has no record of any other appeals to final review submitted by Plaintiff. (Doc. 52-3 at 5.)

A review of the record, as supplemented, confirms that the complete administrative procedure was made available to the Plaintiff, and he did not fully avail himself of that process. The procedure contemplates several tiers of review, and the grievance system is not exhausted when an

inmate fails to take timely action through established channels to a conclusion.  42 U.S.C. § 1997e(a).  Plaintiff's failure to comply with established procedures and his failure to obtain and provide necessary documentation warrants summary judgment in this case.   Accordingly, summary judgment will be entered in favor of Defendants.

**III.** **Order.**

**AND NOW, THEREFORE, THIS 31st  DAY OF JANUARY, 2006,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' motion for summary judgment (Doc. 37) is **GRANTED**.
2. The Clerk of Court is directed to enter judgment in favor of Defendants and against Plaintiff.
3. The Clerk of Court is directed to close this case.
4. Any appeal from this Order shall be deemed frivolous, without probable cause, and not taken in good faith.

   S/ Yvette Kane
YVETTE KANE
United States District Judge